**Kildare I. CLARKE, M.D.,**
**Plaintiff–Appellant,**

v.

**The CITY OF NEW YORK, Health and Hospital Corporation, Kings County Hospital Center, Jean Leon, Individually and as a Senior Vice President of Health and Hospitals Corporation, Kathy Rones, Individually and as Medical Director of Kings County Hospital Center, Phillip Rice, M.D., Individually and as Medical Director of the Emergency Department of Kings County Hospital Center, Audrey Phillips–Ceaser, Individually and as Deputy Executive Director of Professional Affairs of Kings County Hospital Center, and Richard Sinert, Individually and as Deputy Director of the Emergency Department of Kings County Hospital Center, Defendants–Appellees.**

Docket No. 01–9100.

United States Court of Appeals,
Second Circuit.

Aug. 15, 2002.

Ambrose W. Wotorson, Brooklyn, NY, for Appellant.

Kathleen Alberton, New York, NY (Michael A. Cardozo, Corporation Counsel of the City of New York, Larry A. Sonnenshein, on the brief), for Appellee.

PRESENT: JACOBS, CABRANES and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Kildare Clarke, M.D., appeals from a judgment order of the United States District Court for the Eastern District of New York (Glasser, *J.*) granting summary judgment for the defendants. Pursuant to 42 U.S.C. Section 1983, Plaintiff Appellant Clarke challenges his reassignment within the Kings County Medical Center as violating his First and Fourteenth Amendment rights.

We affirm for substantially the reasons stated by the district court. With respect to Clarke's First Amendment challenge, the district court properly ruled that Clarke suffered no adverse employment action. *See Galabya v. New York City Bd. Of Educ.*, 202 F.3d 636, 641 (2d Cir.2000) (holding summary judgment appropriate when a plaintiff fails to establish that a job reassignment created a "materially significant disadvantage"). Furthermore, even if the transfer had been materially adverse, Clarke failed to demonstrate that the hospital would have acted differently in the absence of his protected speech. *See Givhan v. Western Line Consol. Sch. Dist.*, 439 U.S. 410, 416–417, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Ezekwo v. New York City Health and Hospitals Corp.*, 940 F.2d 775, 780–81 (2d Cir.1991) ("A public employee who claims to have been discharged or disciplined for the exercise of First Amendment rights must establish . . . that

the adverse action would not have occurred but for the employee's protected actions."). The hospital's reason for the transfer was that the New York City Fire Department was threatening to divert patients from emergency rooms staffed by physicians lacking certain board certifications. It is undisputed that that was Fire Department policy, that Plaintiff lacked the requisite certification, and that other doctors were similarly transferred for the same reason at the same time. No reasonable jury could find pretext in these circumstances.

The district court properly dismissed Clarke's Fourteenth Amendment complaint because there is no law or agreement giving him a property interest in a particular department at the Kings County Medical Center. *See Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)(rejecting a professor's Fourteenth Amendment claim because, absent a contract, statute, or policy creating an entitlement, he possessed no property interest in a university position); *Ciambriello v. County of Nassau,* 292 F.3d 307, 313 (2d Cir. 2002).

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.